# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| QUIWANECA SPIKES, | Case No. 2:24-cv-00528-RFB-DJA |
| Plaintiff, | **ORDER** |
| v. | |
| STATE OF NEVADA, *et al.*, | |
| Defendants. | |

### I.   INTRODUCTION

*Pro se* Plaintiff Quiwaneca Spikes, who is currently in the custody of the Nevada Department of Corrections ("NDOC"), initiated this case with a civil rights complaint pursuant to 42 U.S.C. § 1983, and an application to proceed *in forma pauperis*. ECF Nos. 1-1, 1. Plaintiff subsequently filed a motion to file a first amended complaint ("FAC"), together with a proposed first amended complaint. ECF Nos. 3, 3-1. The Court grants the motion and accepts the FAC as the operative complaint in this case. A decision on the application to proceed *in forma pauperis* is temporarily deferred.

Plaintiff also filed a motion requesting that the Court investigate her PSI report (ECF No. 4), a motion to file documents (ECF No. 5), and motion for a status update (ECF No. 6). This case has been at the screening stage. No exhibits or evidence is necessary at this stage in the case. Thus, Plaintiff's motions for an investigation, the filing of documents, and a status update are denied.

Finally, Plaintiff has filed a motion to add factual allegations to the FAC. ECF No. 7. As a general rule, the Court does not piecemeal the operative complaint together from multiple filings. However, as the additional allegations do not affect the Court's screening order, the Court will consider these additional allegations in screening the FAC. The Court now screens the FAC under 28 U.S.C. § 1915A.

## II. SCREENING STANDARD

Federal courts must conduct a preliminary screening in any case in which an incarcerated person seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id. §§ 1915A(b)(1), (2). *Pro se* pleadings, however, must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States; and (2) that the alleged violation was committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, under the Prison Litigation Reform Act ("PLRA"), a federal court must dismiss an incarcerated person's claim if "the allegation of poverty is untrue" or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. See Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. See Chappel v. Lab. Corp. of Am., 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. See Morley v. Walker, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. See Warshaw

1  v. Xoma Corp., 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to
2  less stringent standards than formal pleadings drafted by lawyers. See Hughes v. Rowe, 449 U.S.
3  5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations,
4  a plaintiff must provide more than mere labels and conclusions. See Bell Atl. Corp. v. Twombly,
5  550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient.
6  See id.

7  Additionally, a reviewing court should "begin by identifying pleadings [allegations] that,
8  because they are no more than mere conclusions, are not entitled to the assumption of truth."
9  Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework
10 of a complaint, they must be supported with factual allegations." Id. "When there are well-pleaded
11 factual allegations, a court should assume their veracity and then determine whether they plausibly
12 give rise to an entitlement to relief." Id. "Determining whether a complaint states a plausible claim
13 for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial
14 experience and common sense." Id.

15 Finally, all or part of a complaint filed by an incarcerated person may be dismissed *sua*
16 *sponte* if that person's claims lack an arguable basis either in law or in fact. This includes claims
17 based on legal conclusions that are untenable (*e.g.*, claims against defendants who are immune
18 from suit or claims of infringement of a legal interest which clearly does not exist), as well as
19 claims based on fanciful factual allegations (*e.g.*, fantastic or delusional scenarios). See Neitzke v.
20 Williams, 490 U.S. 319, 327–28 (1989); see also McKeever v. Block, 932 F.2d 795, 798 (9th Cir.
21 1991).

22 **III.    DISCUSSION**

23 In the FAC, Plaintiff sues multiple Defendants for events that occurred while she was
24 incarcerated at Florence McClure Women's Correctional Center ("FMWCC"). Plaintiff sues
25 Defendants State of Nevada and Parole and Probation, as well as parole board commissioners
26 Mary Baker, Scott Weisentball, Eric Onnstianen, and Sandy Schmitzt. Plaintiff brings three counts
27 and seeks monetary relief.
28 ///

Plaintiff alleges the following: Plaintiff's PSI[1] had multiple errors, and the errors were made on purpose. Plaintiff did not commit half of the violent crimes that the PSI said she was charged with, and she never did community service or probation in Los Angeles.

Plaintiff was denied parole because of the false information in her PSI. The parole board also proceeded without the results from her disciplinary hearing, and her disciplinary charge was later dismissed. The parole board would not allow Plaintiff to explain what actually happened. They were very argumentative and wanted Plaintiff to admit that she committed crimes that she had never committed.

The parole board lets out other inmates with more serious violent crimes, including violent robbers and murders. Even when these violent criminals violate their parole, they are given more chances.

In her motion to add to the FAC, Plaintiff alleges that her PSI was prepared by someone named B. Lackey. Lackey was careless and did not check to see whether the charges and convictions in the PSI were true. The PSI also has the dates of Plaintiff's sentence and her sentence structure wrong. The PSI includes four cases out of Los Angeles, but Plaintiff was not even in the state of California at the time of those cases. The cases involve a different person.

According to the parole board decision, the commissioners were all advised that Plaintiff's PSI was incorrect and that her risk score designated her a low risk. The parole board lied and said that Plaintiff had frequent drug and alcohol abuse, but Plaintiff does not drink or use drugs. Ms. Baker and Mr. Weisentball were both very rude and very discriminating. No one has attempted to correct Plaintiff's PSI.

Based on these allegations, Plaintiff brings a claim of fraud under the Fifth and Fourteenth Amendments, an Eighth Amendment claim, and a claim of discrimination under the First and Eighth Amendments. The Court construes Plaintiff's fraud claim as a due process claim and Plaintiff's discrimination claim as an equal protection claim under the Fourteenth Amendment. The Court will consider each of these claims in turn. To the extent that Plaintiff intended to bring

---

[1] The Court construes the references to Plaintiff's PSI in the FAC as references to her presentence investigation report.

any other claim, it is dismissed without prejudice.

### A. Defendants

As an initial matter, the Court notes that Plaintiff cannot bring a claim against any of the Defendants named in the FAC. Plaintiff sues Defendants State of Nevada, Parole and Probation, and four commissioners on the board of parole.

Plaintiff can neither raise 42 U.S.C. § 1983 claims nor state law claims against the State of Nevada, or a state agency, based on Eleventh Amendment sovereign immunity. See Brooks v. Sulphur Springs Valley Elec. Co-op., 951 F.2d 1050, 1053 (9th Cir. 1991) (holding that "[t]he Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state" and that "[t]he Eleventh Amendment's jurisdictional bar covers suits naming state agencies and departments as defendants, and applies whether the relief sought is legal or equitable in nature"); see also Will v. Michigan Dep't of State Police, 491 U.S. 58, 65 (1989) (holding that states are not persons for purposes of § 1983); see NRS § 41.031(3) (stating that the State of Nevada does not waive its Eleventh Amendment immunity). The Ninth Circuit has explicitly held that 28 U.S.C. § 1367, the supplemental jurisdiction statute, "does not abrogate state sovereign immunity for supplemental state law claims." Stanley v. Trustees of California State Univ., 433 F.3d 1129, 1133-34 (9th Cir. 2006). Therefore, Plaintiff cannot bring any claims against Defendants State of Nevada or Parole and Probation and the Court dismisses these Defendants from the entirety of the case with prejudice, as amendment would be futile.

Furthermore, the Ninth Circuit has held that "parole board officials are entitled to absolute immunity from suits by prisoners for actions taken when processing parole applications." Sellars v. Procunier, 641 F.2d 1295, 1302 (9th Cir. 1981); see also Patterson v. Van Arsdel, 883 F.3d 826, 830 (9th Cir. 2018); Brown v. Cal. Dep't of Corr., 554 F.3d 747, 751 (9th Cir. 2009) ("[P]arole board members are entitled to absolute immunity for parole board decisions.") Thus, the parole board members are all absolutely immune from suit for their actions when making parole decisions. Because all of Plaintiff's claims appear to involve the parole board members' actions while processing Plaintiff's parole application, they are absolutely immune from suit. Therefore, the Court dismisses Defendants Baker, Weisentball, Onnstianen, and Schmitzt from the entirety

of the case without prejudice. Plaintiff can only bring a claim against these Defendants if it is not related to their decisions regarding parole. Because there are no remaining Defendants, the FAC cannot state a colorable claim. However, in the interest of judicial efficiency, the Court will analyze Plaintiff's claims.

### B. Due Process Claim

The Court construes the FAC as bringing due process claims under the Fifth and Fourteenth Amendments. However, Plaintiff's due process claim against state officials is grounded in the Fourteenth Amendment rather than the Fifth Amendment. See Castillo v. McFadden, 399 F.3d 993, 1002 n.5 (9th Cir. 2005) (holding that "[t]he Fifth Amendment prohibits the federal government from depriving persons of due process, while the Fourteenth Amendment explicitly prohibits deprivations without due process by the several States.") As such, the Court dismisses Plaintiff's Fifth Amendment due process claim with prejudice, as amendment would be futile. The Court will now consider Plaintiff's due process claim under the Fourteenth Amendment.

In order to state a Fourteenth Amendment due process claim, a plaintiff must adequately allege that she was denied a specified liberty interest and that she was deprived of that liberty interest without the constitutionally required procedures. Swarthout v. Cooke, 562 U.S. 216, 219 (2011). In Nevada, state prisoners do not have a liberty interest in parole or parole eligibility. See Moor v. Palmer, 603 F.3d 658, 661-62 (9th Cir. 2010); Fernandez v. Nevada, No. 3:06-CV-00628-LRH-RAM, 2009 WL 700662, at *10 (D. Nev. Mar. 13, 2009). Additionally, allegations that a defendant violated state law are not sufficient to state a claim for violation of the Fourteenth Amendment's due process clause. Swarthout, 562 U.S. at 222 (holding that "a 'mere error of state law' is not a denial of due process"); see also Young v. Williams, No. 2:11-CV-01532-KJD, 2012 WL 1984968, at *3 (D. Nev. June 4, 2012) (holding that alleged error in applying good time credits to sentence was an error of state law that did not constitute a due process violation).

The Court finds that Plaintiff fails to state a colorable Fourteenth Amendment due process claim based on the allegation that Defendants knowingly used false information when denying her parole. Plaintiff does not have a liberty interest in parole and therefore she cannot state a colorable due process claim based on the denial of parole. The Court dismisses this claim with prejudice, as

amendment would be futile.

### C. Eighth Amendment Claim

In order to state an Eighth Amendment cruel and unusual punishment claim for detaining a person beyond the termination of his or her sentence, the plaintiff must demonstrate that the detention was the result of deliberate indifference to the prisoner's liberty interest or that the detention violated due process. Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985).

The Court finds that Plaintiff fails to state a colorable cruel and unusual punishment claim. As discussed above, Plaintiff does not have liberty interest in parole or parole eligibility and, thus, she cannot demonstrate deliberate indifference to her "liberty interest." Further, the Court notes that Plaintiff was not held beyond the termination of her sentence. She was held in prison past her minimum sentence term but not her maximum sentence term. Accordingly, this claim is dismissed with prejudice as amendment would be futile.

### D. Equal Protection Claim

The Court construes the FAC as bringing an equal protection claim under the Fourteenth Amendment. The Equal Protection Clause of the Fourteenth Amendment is essentially a direction that all similarly situated persons be treated equally under the law. City of Cleburne, Tex. v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985). In order to state an equal protection claim, a plaintiff must allege facts demonstrating that defendants acted with the intent and purpose to discriminate against him based upon membership in a protected class, or that defendants purposefully treated him differently than similarly situated individuals without any rational basis for the disparate treatment. Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001); see also Vill. of Willowbrook v. Olech, 528 U.S. 562, 564 (2000).

In Olech, the Supreme Court explicitly addressed "whether the Equal Protection Clause gives rise to a cause of action on behalf of a 'class of one' where the plaintiff did not allege membership in a class or group." 528 U.S. at 564. The Supreme Court ruled in the affirmative and "recognized successful equal protection claims brought by a 'class of one,' where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." Id. The Supreme Court held that "the

1  purpose of the equal protection clause of the Fourteenth Amendment is to secure every person
2  within the State's jurisdiction against intentional and arbitrary discrimination, whether occasioned
3  by express terms of a statute or by its improper execution through duly constituted agents." Id.

4  However, although the Supreme Court has acknowledged the class-of-one theory of equal
5  protection, it has held that the theory does not apply when the state action "by their nature involve
6  discretionary decisionmaking based on a vast array of subjective, individualized assessments."
7  Engquist v. Oregon Dep't of Agr., 553 U.S. 591, 603 (2008). The Supreme Court has recognized
8  that the problem with allowing class of one claims to go forward in a context where government
9  officials are necessarily making subjective, individualized decisions is that the government will be
10 forced to defend a multitude of such claims and courts will be obliged to go through them in search
11 of the rare needle in a haystack. Engquist, 553 U.S. at 608-09.

12 Thus, a person cannot state an equal protection claim merely by dividing all persons not
13 injured into one class and alleging that they received better treatment than the plaintiff did. See
14 Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (9th Cir. 2005). The Fourteenth Amendment's
15 Equal Protection Clause does not require that states treat all persons within their borders
16 identically. See McGowan v. Maryland, 366 U.S. 420, 425 (1961) ("[T]he Fourteenth Amendment
17 permits the States a wide scope of discretion in enacting laws which affect some groups of citizens
18 differently than others" so long as the classification does not rest on grounds "wholly irrelevant to
19 the achievement of the State's objective"); Hartmann v. California Dep't of Corr. & Rehab., 707
20 F.3d 1114, 1123 (9th Cir. 2013). Furthermore, to state a class of one equal protection claim,
21 Plaintiff must identify the group of individuals with whom she is similarly situated, identify the
22 allegedly intentional and disparate treatment, and allege that there was no rational basis for the
23 different treatment. Gerhart v. Lake Cty., Mont., 637 F.3d 1013, 1022 (9th Cir. 2011). "Similarly
24 situated" persons are those "who are in all relevant respects alike." Nordlinger v. Hahn, 505 U.S.
25 1, 10 (1992).

26 The Court finds that Plaintiff fails to state a colorable equal protection claim. Plaintiff
27 alleges that the parole board discriminated against her because they granted parole to inmates who
28 had committed more violent crimes than she did. Based on these allegations, Plaintiff appears to

1 be proceeding on a class-of-one theory. But the decision to grant or deny parole is exactly the kind
2 of subjective and discretionary decision-making that the Supreme Court said cannot support a
3 class-of-one theory.

4 Plaintiff does not allege that the Defendants treated her differently than other similarly
5 situated inmates. Rather, she argues that the Defendants granted parole to inmates who were
6 convicted of more violent crimes and less deserving of parole than her. This argument reflects the
7 problem that arises when trying to proceed on a class-of-one theory in a subjective area like parole
8 decisions. It is virtually impossible for Plaintiff to demonstrate that she is in all relevant respects
9 similar to any other inmate up for parole. Plaintiff's argument amounts to an attempt to substitute
10 her own view on parole suitability for the views of the parole board. These allegations do not
11 support an equal protection claim, and the Court dismisses this equal protection claim with
12 prejudice as amendment would be futile.

### IV. LEAVE TO AMEND

The Court has found that the allegations in the FAC do not support any colorable claims, and all of the Defendants appear to be immune from suit. As such, Plaintiff cannot state a colorable claim in any amended complaint and she is denied leave to amend.

### V. CONCLUSION

**IT IS THEREFORE ORDERED** that the Court defers a decision on Plaintiff's application to proceed *in forma pauperis*.

**IT IS FURTHER ORDERED** that Plaintiff's motion to file a first amended complaint (ECF No. 3) is **GRANTED**. The Court accepts the first amended complaint (ECF No. 3-1) as the operative complaint in this case. The Clerk of the Court will file the first amended complaint and send Plaintiff a courtesy copy of the first amended complaint.

**IT IS FURTHER ORDERED** that Plaintiff's Fourteenth Amendment due process claim based on the denial of her parole is dismissed with prejudice, as amendment would be futile.

**IT IS FURTHER ORDERED** that Plaintiff's Eighth Amendment claim based on the denial of her parole is dismissed with prejudice, as amendment would be futile.

**IT IS FURTHER ORDERED** that Plaintiff's equal protection claim is dismissed with

prejudice, as amendment would be futile.

**IT IS FURTHER ORDERED** that Defendants State of Nevada and Parole and Probation are dismissed from the entirety of the case with prejudice, as amendment would be futile.

**IT IS FURTHER ORDERED** that Defendants Mary Baker, Scott Weisentball, Eric Onnstianen, and Sandy Schmitzt are dismissed from the entirety of the case without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's motions to produce evidence, file documents, and receive a status check (ECF Nos. 4, 5, 6) are **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to add allegations to the FAC (ECF No. 7) is **GRANTED** to the extent that the Court considered the allegations in this screening order.

**DATED:** January 23, 2025.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**